UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PAMELA PARENT** | **CASE NO. 2:23-CV-00794** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **METROPOLITAN LIFE INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Metropolitan Life Insurance Company's Motion to Dismiss or Alternatively, Motion for Summary Judgment" (Doc. 14) filed by Defendant pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiff has not filed an opposition to the Motion and the time for doing so has now lapsed.

## INTRODUCTION

In this lawsuit, Plaintiff Pamela Parent is seeking federal benefits through Federal Employees' Group Life ("FEGLI) for the death of her former spouse, Paul Nelton Bellard. The FEGLI program is administered by Metlife for the United States Office of Personnel Management ("OPM") pursuant to the Federal Employees' Group Life Insurance Act, 5 U.S. C. § 8701, *et seq.* and 5 C.F.R. § 870.101, *et seq.*

Plaintiff alleges that on November 17, 2008, she entered into a contract with Metlife to provide for death benefits for her then husband, Paul Nelton Bellard.[1] Plaintiff and Bellard were divorced in December 2012. Bellard died on May 6, 2021.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

---
[1] Complaint, ¶ 4, Doc. 1.

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## LAW AND ANALYSIS

Metlife moves to dismiss this lawsuit because Plaintiff is not entitled to any benefits under the life insurance policy. FEGLI Option C provides coverage on the lives of a spouse and eligible dependent of a Federal employee. Consequently, FEGLI Option C does not provide coverage for a former spouse of a Federal employee meaning Bellard was

not covered for life insurance benefits because he was not Plaintiff's spouse at the time of his death.

The Court agrees and finds that Plaintiff has failed to state a claim for relief.

## CONCLUSION

For the reasons explained herein, the Court will grant Defendant, Metropolitan Life Insurance Company's Motion to Dismiss and dismiss this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 6th day of May, 2024.

JAME D. CAIN, JR.
UNITED STATES DISTRICT JUDGE